ISADOR L. HALMAN *vs.* WILLIAM H. BURLEN & others.

Suffolk.    December 9, 1907. — May 20, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Stakeholder.    Trust.*

In a suit in equity, by a subscriber to shares of a corporation, to set aside an assignment made by the plaintiff of the shares which he was entitled to receive from the corporation and to compel the president of the corporation, to whom the shares had been issued by the corporation, to transfer them to the plaintiff, it appeared that the shares had been issued to the president for the protection of the corporation, in order that he might hold them as stakeholder and might transfer them to the person who was entitled to them, who if the assignment was invalid would be the plaintiff and if the assignment was valid would be the assignee, and that the stakeholder thereafter bought the interest of the assignee in the shares.  It was found upon the facts that the assignment was valid. The plaintiff contended that the stakeholder held the shares in trust for the plaintiff and that, since he stood toward the plaintiff in a fiduciary relation, he could not be allowed in equity to buy in a conflicting title and set it up against his beneficiary.  At the hearing the plaintiff offered to return the purchase price paid by the stakeholder to the assignee.  *Held*, that, as the plaintiff had turned out not to be the owner of the shares, whatever duty the stakeholder owed to the beneficiary was owed to the assignee and not to the plaintiff, and that the bill should be dismissed.

BILL IN EQUITY, filed in the Superior Court on June 26, 1906, by Isador L. Halman, a subscriber for the shares of the Bar Harbor Union River Power Company, against William H. Burlen, the president of that corporation, that corporation itself and the International Trust Company, the transfer agent of the first named corporation, alleging that the plaintiff was entitled to a certificate for six hundred and twenty-five shares of the stock of

the Bar Harbor and Union River Power Company standing in the name of the defendant Burlen, and praying that Burlen might be restrained from assigning or parting with these shares, that the defendant power company might be restrained from transferring them and that the defendant trust company might be restrained from certifying as transfer agent to any transfer of them.

In the Superior Court the case was heard by *Schofield*, J. He made a final decree referring to the matters alleged in the following paragraphs of the plaintiff's bill:

5. "That in and by said agreement it appears that two hundred and ninety of said six hundred and twenty-five shares were to be held by said Burlen until the payment of a certain note of $1500. signed by this plaintiff was paid, and this plaintiff says that said note has since been paid by the transfer by this plaintiff to said Bar Harbor and Union River Power Company of certain options held by this plaintiff, so that there is now no legal liability of this plaintiff on said note."

6. "And the plaintiff says that the remaining three hundred and thirty-five shares out of said six hundred and twenty-five of said stock the defendant Burlen held, subject to the assignment to said Ward and Long [mentioned in the opinion], the validity of said assignment being in question, which the defendant Burlen agreed to turn over to the plaintiff as soon as the validity of said assignment was ascertained and determined. And the plaintiff says that on or about the 15th day of June, 1906, this defendant Burlen took an assignment of all said Long and Ward's interest in said shares of stock so that said Long and said Ward now have no further interest therein and said assignment to said Ward and Long has been cancelled, and is of no longer any force or effect, the defendant Burlen, intending to secure in fraud of the plaintiff's rights, the said interest of this plaintiff for his own gain and profit, contrary to the trust relation existing between said defendant Burlen and this plaintiff and contrary to equity."

The decree was as follows:

"1st, — That the two hundred and ninety shares of the common stock of the Bar Harbor and Union River Power Company referred to in paragraph six [five] of the plaintiff's bill, are held

by the defendant Burlen as security for the payment of a note signed by the plaintiff for $1500. dated April 5, 1906 and due June 4, 1906, that the said note 'has not been paid and there is now due upon said note to the defendant Burlen, the sum of $1560. that upon tender within thirty days from the date of this decree to the defendant Burlen by the plaintiff of said sum $1560. and interest to the date of tender, the said two hundred and ninety shares of stock, shall be transferred and delivered by the defendant Burlen to the plaintiff, and the said note surrendered by him to the plaintiff.

" 2d, — That as to the three hundred and thirty-five shares of stock referred to in paragraph seven [six] of the plaintiff's bill, the plaintiff has no interest therein, and no valid claim thereto, but said shares and the certificate therefor, are the property of the defendant William H. Burlen.

" 3d, — That so much of the plaintiff's bill as seeks relief in respect to the said three hundred and thirty-five shares of stock be and the same hereby is dismissed."

The plaintiff appealed from the decree.   The facts material to the questions raised by the appeal are stated in the opinion.

The case was submitted on briefs.

*C. F. Eldredge,* for the plaintiff.

*J. E. Hannigan & I. Fox,* for the defendant.

LORING, J.   After a careful consideration of all the evidence we are satisfied that the findings of the judge were substantially correct.   The only difference is on a subsidiary matter and strengthens the conclusion reached below.

It appears that since the entry of the decree now before us on the plaintiff's appeal, he has redeemed the two hundred and ninety shares by payment of the note for the payment of which they were pledged.   The only remaining question is as to the three hundred and thirty-five shares as to which the bill was dismissed.

The material facts out of which the controversy as to these shares arose are as follows:

Before March or April, 1903, the plaintiff, the defendant Burlen and others were interested in the promotion of the Bar Harbor and Union River Power Company.   The common stock of the company consisted of four thousand shares, one thousand

of which were divided among the promoters and the remaining three thousand were set aside as a bonus to be divided among subscribers to the first $80,000 of the $150,000 preferred stock, on the total preferred stock being subscribed and paid for. The $80,000 preferred shares were subscribed for by the plaintiff and others, and the plaintiff thereby became contingently entitled to three hundred and seventy-five of the three thousand shares which we shall speak of hereafter as the bonus stock. He had previously become entitled to two hundred and fifty of the one thousand shares divided among the promoters, which we shall speak of as the promotion stock.

In March or April, 1903, with the consent of all interested all the common stock was pledged with the International Trust Company for a loan to the company of $60,000. In carrying this into effect a certificate for the four thousand shares was issued to the defendant Burlen, president of the company, as matter of convenience, and was by him indorsed to the trust company as security for the loan of $60,000.

In July, 1903, the plaintiff assigned to one Long one hundred and forty-one, and to one Ward fifty-one, of his bonus stock, and to said Long ninety-three and to said Ward fifty shares of his promotion stock. This is the three hundred and thirty-five shares here in question. The plaintiff contended that these assignments were invalid.

By September 29, 1905, all conditions had been fulfilled, namely, all the preferred stock had been subscribed and paid for, and the $60,000 note due the trust company had been paid. The time then came for issuing certificates to those entitled to shares in the common capital stock, and certificates therefor were issued to those entitled to the common stock, with the exception of the certificates to those entitled to the three hundred and thirty-five shares here in question. No certificate for these shares was issued either to Long and Ward, who were entitled to them if the assignment made to them by the plaintiff was valid, or to the plaintiff, who was entitled to them if the assignment to Long and Ward was not valid. But a certificate for these shares was issued to Burlen, in whose name all the stock had stood up to that time, when he surrendered his certificate for the whole capital stock. The judge

below found that this was done to protect the rights of the plaintiff, in case it turned out that the assignment to Long and Ward was invalid, by the officers who knew of the assignment and also knew that the plaintiff contested the validity of it. We think however that the purpose was to protect the company, and that the shares were left in the name of Burlen, president of the company, because it was not certain who was entitled to the certificate for them.

The plaintiff knew nothing of this matter of issuing the certificate to Burlen for the three hundred and thirty-five shares on Burlen's surrendering his certificate for all the shares. When he learned of it he asked Burlen to give him some paper to show his interest in the matter. Thereupon, on October 3, 1905, a receipt was given by Burlen to the plaintiff which (leaving out the part referring to the two hundred and ninety shares since redeemed as we have said) is in these words:

"Also received of I. L. Halman three hundred and thirty-five (335) shares of the common stock of the Bar Harbor and Union River Power Company, said three hundred and thirty-five (335) shares being subject to an assignment to H. C. Long and S. E. Ward, the validity of such assignment being in question, which stock I agree to deliver to I. L. Halman on the following conditions: . . .

"The three hundred and thirty-five (335) shares I agree to turn over to I. L. Halman as soon as the validity on same is decided."

In June, 1906, both the plaintiff and the defendant Burlen were competing (and each was known by the other to be competing) for the purchase from Long and Ward of their rights. Burlen was successful and bought them.

Thereupon this bill was filed on the theory that Burlen held the shares in trust for the plaintiff, and since he stood in a fiduciary relation to the plaintiff he could not be allowed in equity to buy in a conflicting title and set it up against his beneficiary. At the hearing he offered to return the purchase price paid by Burlen to Long and Ward.

The judge held that the assignment to Long and Ward was valid.

Of the correctness of the principle invoked by the plaintiff

there can be no doubt.   Doubtless a receiver appointed to hold property during litigation could not use the knowledge obtained by him as receiver to buy in a paramount title and set it up against the person who turns out to be the true owner on the conclusion of the litigation in question.

But that has no application here.   Burlen held these three hundred and thirty-five shares as a stakeholder, that is to say, to hand them over to the plaintiff if he turned out to be the owner, and to hand them over to Long and Ward if they turned out to be the owners.   He being a stakeholder buys Long and Ward's title; that title turns out to be valid, and he sets it up against Halman who it turns out had no title; and the plaintiff (who it now turns out was not the owner) contends that the defendant violated the duty he assumed as stakeholder.   But the duty owed by the defendant as stakeholder, if any duty was owed by him in the premises, was to Long and Ward and not to the plaintiff.

*Decree affirmed with costs.*